JOHN FOWLER *v.* STATE OF TENNESSEE.

CRIMINAL LAW. *Prisoner entitled to twenty-four challenges, under indictment for burglary.* Burglary being a capital offense, the defendant so indicted is entitled to twenty-four challenges, and the error will not be cured by the jury finding a verdict for imprisonment only.

Code cited: Sec. 4673*a*.

FROM TIPTON.

Appeal from the Circuit Court. T. J. FLIPPIN, Judge.

ALVIN HAWKINS for Fowler.

ATTORNEY-GENERAL HEISKELL for the State.

FREEMAN, J., delivered the opinion of the court.

Fowler was indicted for "unlawfully and feloniously breaking open the house of J. W. Green for the purpose of committing a larceny by stealing, taking, and carrying away a pistol." There was a second count for larceny of the pistol. The jury found a verdict of guilty as charged in the first count.

Motions in arrest of judgment and for new trial being overruled, an appeal in error is prosecuted to this court.

The errors assigned are, first, that at the commencement of the trial defendant's counsel announced to the court that he would insist on all the legal rights of the prisoner, and then asked the court how many peremptory challenges the State and the prisoner had. The court said in reply that the State had six and the defendant ten. Thereupon a panel of twenty-eight names was presented to the prisoner. When this panel was exhausted eleven jurors had been obtained, the defendant having challenged peremptorily ten, the number which the court announced he was entitled to challenge. An additional panel was presented, and the first name drawn not being challenged by the State or defendant, nor any offer to challenge on the part of defendant, was elected as a juror, and the trial proceeded.

By the act of 1865, Code, sec. 4673a, "to break open the house of another for the purpose of committing a larceny therein, is punishable with death, unless the jury think proper to commute this punish-

Fowler *v.* State.

ment to imprisonment." This, then, is a capital crime. In such cases, by the act of March 20, 1875, the defendant is entitled to twenty-four challenges in cases punishable with death. If the answer of the court is to be considered as a ruling on this question, it was erroneous. We think it must be so held. It was an announcement by the court, at request of counsel, what were the rights of the prisoner. It seems to us it would be sticking to form rather than substance in such a case to hold that after this and the exhaustion of his ten challenges in conformity to the opinion of the court, the prisoner must go on and make a special case by offering to challenge the eleventh juror, and be refused by the court, before he could get advantage of the question. The answer of the court was evidently given as the rule to be followed ' in the trial, and the defendant was not, we think, to ask that he should so decide more than once.

It is insisted that this is cured by the verdict of the jury commuting the punishment to imprisonment. A case is referred to, but which is not this case, as we understand the reference of the attorney-general to it. We cannot see how an error can be cured by a verdict. Such a view would stand on the principle that the challenges were to be regulated by the result of the trial, and not by the charge for which the party was about being tried. The right to the challenges must necessarily be determined before the ver-

dict is rendered; no verdict of a jury in a case like the present can possibly affect the right.

We reverse the judgment for this error, and re-mand the case for a new trial.